IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISSA KHREAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. _____ |
| | § | |
| 5454 AIRPORT, L.L.C., BLP | § | |
| OPERATIONS, LLC, LITTLE | § | |
| YORK PLAZA TEXACO, LLC; and | § | JURY TRIAL DEMANDED |
| PATRICIA BOULOS GANIM | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Issa Khreas (referred to as "Plaintiff" or "Khreas") bring this lawsuit to recover unpaid overtime wages and damages from an on the job injury from 5454 Airport, L.L.C. ("Airport"), BLP Operations, LLC ("BLP"), Little York Plaza Texaco, LLC ("Texaco"), and Patricia Boulos Ganim ("Ganim") (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. Khreas's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by employing Khreas and other similarly situated nonexempt employees at a rate below the minimum wage. 29 U.S.C. § 206(a)(1).

4. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by employing Khreas and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Defendants 5454 Airport, L.L.C., BFLP Operations LLC, Little York Plaza Texaco, LLC and Ganim violated the FLSA by failing to maintain accurate time and pay records for Khreas and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Khreas's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

8. Plaintiff Issa Khreas is an individual residing in Harris County, Texas.

9. Defendant 5454 Airport, L.L.C. is a Texas limited liability corporation that may be served with process by serving its registered agent, Assad N. Boulos, at 16214 Chasemore Dr., Spring, Texas 77379. Alternatively, if the registered agent of 5454 Airport, L.L.C. cannot with reasonable diligence be found at the company's registered office, 5454 Airport, L.L.C. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant BFLP Operations, LLC is a Texas limited liability corporation that may be served with process by serving its registered agent, Percy L. Isgitt, at 800 Sawyer, Houston, Texas 77007. Alternatively, if the registered agent of BFLP Operations, LLC cannot with reasonable diligence be found at the company's registered office, BFLP Operations, LLC may be served with process by

serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Defendant Little York Plaza Texaco, LLC is a Texas limited liability corporation that may be served with process by serving its registered agent, Percy L. Isgitt, at 800 Sawyer, Houston, Texas 77007. Alternatively, if the registered agent of Little York Plaza Texaco, LLC cannot with reasonable diligence be found at the company's registered office, Little York Plaza Texaco, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Defendant Patricia Boulos Ganim is an individual who may be served with process at 13514 Bedford Chase, Cypress, Texas 77429 or wherever she may be found.

13. Whenever it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

14. Defendants owned, managed, controlled and operated a gas station and convenient store named, Airport Texaco located at 5454 Airport Boulevard in Houston, Texas.

15. Khreas was employed by Defendants Airport and Ganim for approximately four (4) years, from approximately 2012 to approximately 2016 as a cashier at the Airport Texaco.

16. The Airport Texaco owned by Defendants was open 24 hours a day, 7 days per week.

17. Defendants employed only two (2) employees to work in the store, one employee being Khreas. Khreas worked the day shift, from 6 AM to 6 PM, and his counterpart worked the nightshift, from 6 PM to 6 AM. The night shift employee, Alex Neftaly Iraheta Jimenez, has a pending suit against Defendants in this district styled , *Alex Neftaly Iraheta Jimenez v. 5454 Airport, LLC, BFLP Operations, LLC, Little York Plaza Texaco, LLC, and Patricia Boulos Ganim.*

18. During Khreas's employment with Defendants, he was engaged in commerce or the production of goods for commerce.

19. During Khreas's employment with Defendants, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for

commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

20. Defendants paid Khreas on an hourly basis.

21. Defendants paid Khreas at a rate below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

22. Defendants knew or reasonably should have known that Khreas was not exempt from the minimum wage requirements of the FLSA.

23. During Khreas's employment with Defendants, he regularly worked in excess of forty hours per week. In fact, Khreas worked 84 hours per week consistently for the entire four (4) years he worked for Defendant.

24. Defendants knew or reasonably should have known that Khreas worked in excess of forty hours per week.

25. Defendants did not pay Khreas overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

26. Defendants knew or reasonably should have known that Khreas was not exempt from the overtime provisions of the FLSA.

27. Defendants failed to maintain accurate time and pay records for Khreas and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

28. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29. Defendants are liable to Khreas for his unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### VI. COUNT ONE— FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 206(A)

30. Plaintiff adopts by reference all of the facts set forth above.

31. During Khreas's employment with Defendants, he was a nonexempt employee.

32. As a nonexempt employee, Defendants were legally obligated to pay Khreas at the minimum wage. 29 U.S.C. § 206(a)(1).

33. Defendants failed to pay Khreas for the hours he worked at the minimum wage.

34. Instead Defendants employed Khreas at a rate below the minimum wage and/or made unlawful deductions from his wages that caused his regular rate to fall below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

35. If Defendants classified Khreas as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with minimum wage requirements of the FLSA.

36. Defendants knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

## VII. Count Two—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Plaintiff adopts by reference all of the facts set forth above.

38. During Khreas's employment with Defendants, he was a nonexempt employee.

39. As a nonexempt employee, Defendants was legally obligated to pay Khreas "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Defendants failed to pay Khreas for the hours he worked over forty in a workweek at one and one-half times his regular rate.

41. Instead, Defendants paid Khreas for the hours worked over forty per week at his straight time rate in violation of 29 U.S.C. § 207(a)(1).

42. If Defendants classified Khreas as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

43. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

## VIII. Count Three—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

44. Plaintiff adopts by reference all of the facts set forth above.

45. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

46. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

### IX. COUNT FOUR – COLLECTIVE ACTION ALLEGATIONS

47. Khreas adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

48. On information and belief, other hourly workers have been victimized by Defendants' violations of the FLSA identified above.

49. These hourly workers are similarly situated to Khreas because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

50. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

51. Since, on information and belief, Khreas's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

52. All hourly workers employed by Defendants, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek

are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All hourly workers employed by any of Defendants' locations during the last three years who were paid straight time for overtime.

53. Defendants are liable to Khreas and the other hourly workers for the difference between what they actually paid them and what they were legally obligated to pay them.

54. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe Khreas and the other hourly workers their unpaid overtime wages for at least the last three years.

55. Defendants are liable to Khreas and all other hourly workers in an amount equal to their unpaid overtime wages as liquidated damages.

56. Defendants are liable to Khreas and all other hourly workers, for their reasonable attorneys' fees and costs.

57. Khreas has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## XII. JURY DEMAND

58. Plaintiff demands a trial by jury.

## XIII. PRAYER

59. Plaintiff prays for the following relief:

a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

b. judgment awarding Khreas and the other hourly workers all unpaid overtime compensation, lost wages, liquidated damages, front pay in lieu of reinstatement, attorneys' fees and costs;

c. prejudgment interest at the applicable rate;

d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and all such other and further relief to which Khreas and the other hourly workers may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF ISSA KHREAS**